UNITED STATES of America, Appellee,

v.

Pedro LIND, Defendant-Appellant.

No. 245, Docket 76–1213.

United States Court of Appeals,
Second Circuit.

Argued Sept. 30, 1976.

Decided Oct. 15, 1976.

Martin Gotkin, New York City, for appellant.

Paul Vizcarrondo, Jr., Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty. S.D.N.Y.; Frederick T. Davis, Asst. U. S. Atty., New York City, on the brief), for appellee.

Before FEINBERG, GURFEIN and VAN GRAAFEILAND, Circuit Judges.

PER CURIAM:

On the evening of January 13, 1976, Pedro Lind stopped his car in Paramus, New Jersey, and his friend, Hector Luis Pereira, asked 17-year old Kathleen Lutzen for directions. Pereria then forced Kathleen into the back seat at gunpoint. The car pro-

ceeded to the Bronx, where Kathleen was kept captive in an apartment. The two men abused her sexually through the night, and demanded two thousand dollars ransom from her father. He followed instructions to "drop" the money the next day, and the FBI followed Pereira, who picked up the ransom, back to the apartment house. They arrested him as he led Kathleen from the building. They were unable to find Lind at that time, but he surrendered himself at FBI headquarters four days later. Lind now appeals his conviction for kidnapping and related offenses, after a jury trial in the United States District Court for the Southern District of New York before Charles E. Stewart, Jr., J.[1]

Lind first argues that he should have been allowed to cross-examine the kidnap victim regarding her prior involvements with the police, including her juvenile records. During the trial, the judge did allow cross-examination on the facts underlying the victim's past record of hitchhiking. The other incidents that defense counsel sought to examine were either too remote in time or were not relevant to the defense's theory that the victim solicited a ride and cooperated in the kidnapping plan. The judge, therefore, did not abuse his discretion in refusing to allow cross-examination on the victim's police record. See Rule 609(d), Fed. Rules of Evidence; *United States v. Green*, 523 F.2d 229, 237 (2d Cir. 1975).

Lind also argues that the trial judge should have suppressed his confession and that the evidence was insufficient to link him to the crime. He points to three factors which, he says, indicate that his confession was not voluntary and that he did not knowingly waive any rights: He was questioned for more than eight hours; he had difficulty with English and might not have understood the confession ascribed to him; and his interpreter, at times, was Jose Ocana, the owner of the apartment in which the kidnap victim was kept and, ac-

cording to Lind, a possible suspect in the crimes. None of these, however, is persuasive. Because Lind spoke little English, an interpreter had to be provided, and much of the time was spent committing his lengthy oral statement to writing. His confession was reduced to writing in Spanish, and he not only initialed each page but also made corrections in it. While Ocana was present during the confession, apparently as defendant's friend who had accompanied defendant when he surrendered, a Spanish-speaking FBI agent did the necessary translation and only relied on Ocana when his voice was tired. At all times, the agent was able to verify the accuracy of the translation. Finally, Lind made virtually the same statement to Ocana before presenting himself to the FBI. Under the circumstances, it was not error to allow the confession into evidence. Lind's claim of insufficient evidence is also without merit. He made a detailed confession, ransom money was found in the pocket of a pair of pants in his room, and, before his surrender, he tried to change his appearance.

The judgment of conviction is affirmed.

---

1. Judge Stewart sentenced Lind to 40 years on the kidnapping counts and concurrent lesser terms on the other counts. Pereira pleaded

guilty on two counts and received concurrent 30-year and 20-year sentences.